**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| CNG FINANCIAL CORPORATION, *et. al.*, | : : : | Case No. 1:21-cv-00460 |
| Plaintiffs, | : : : | Judge Timothy S. Black |
| vs. | : : | |
| ROBERT BRICHLER, | : : | |
| Defendant. | : | |

**ORDER GRANTING MOTIONS FOR LEAVE TO
FILE UNDER SEAL (Docs. 44 & 46)**

This civil action is before the Court on Plaintiff Axcess's motion (Doc. 44) and Defendant Robert Brichler's motion (Doc. 46) for leave to file documents under seal.

### I.  BACKGROUND

This civil case involves the enforcement of a non-competition agreement and allegations of trade secret disclosure. (Doc. 1). Plaintiff Axcess Financial Services ("Axcess") employed Defendant Robert Brichler as a leader on its information technology team. (*Id.* at ¶11). Axcess creates sub-prime consumer loan products. (*Id.* at ¶8). [1] Brichler signed a non-competition agreement. (*Id.* at ¶12). Brichler left and took employment with Lendly, a company in a similar line of work as Axcess. (*Id.* at ¶33). Axcess filed suit and requested injunctive relief to restrain Brichler's employment with Lendly and his ongoing or inevitable disclosure of trade secrets. (Docs. 1, 2). The Court

---

[1] CNG Financial Corporation, Axcess's parent company, is also a Defendant. For the sake of ease, the Court refers to "Axcess" as descritive of both Plaintiff parties.

denied injunctive relief. (Doc. 38).

Because discovery and briefing on the injunctive relief took place on an expedited timeframe, the Court permitted both parties to file documents under a temporary seal. (*See* Docs. 15, 21). Both parties have now filed motions to place those documents under a full seal. (Docs. 44, 46). The Court, in turn, has had a chance to review the documents. The motions are thus ripe for consideration by the Court.

## II. STANDARD

A district court's decision to seal court records is reviewed for an abuse of discretion. *Beauchamp v. Fed. Home Loan Mortg. Corp.*, 658 F. App'x 202, 207 (6th Cir. 2016) (citing *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 306 (6th Cir. 2016)). However, "the district court's decision is not accorded the deference that standard normally brings." *Id.* (quoting *Shane Grp.*, 825 F.3d at 306).

There is a "stark" difference between, on the one hand, the propriety of allowing litigants to exchange documents in secret, and on the other hand, the propriety of allowing litigants to shield from public view those documents which are ultimately relied on in the Court's adjudication. *See Shane Grp.*, 825 F.3d at 305. Parties are typically entitled to a "protective order" limiting the disclosure of documents in discovery upon a mere showing of good cause. *Id.* However, "very different considerations apply" when these materials are filed in the public record. *Id.* (quoting *Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982)).

Unlike information merely exchanged between the parties, the public has a strong interest in obtaining the information contained in the court record. *Id.* Accordingly, the

courts have long recognized a "strong presumption in favor of openness" of court records. *Id.* (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983)).

The Sixth Circuit has repeatedly explained that a party moving to seal court records must overcome a significant burden. *See Shane Grp.*, 825 F.3d at 305-06; *Beauchamp*, 658 Fed. App'x at 207–08; *Rudd Equip. Co. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 593–96 (6th Cir. 2016). According to the Sixth Circuit:

> The burden of overcoming that presumption [of openness] is borne by the party that seeks to seal them. *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001). The burden is a heavy one: "Only the most compelling reasons can justify non-disclosure of judicial records." *In re Knoxville News-Sentinel Co.,* 723 F.2d 470, 476 (6th Cir. 1983). . . . And even where a party can show a compelling reason why certain documents or portions thereof should be sealed, the seal itself must be narrowly tailored to serve that reason. *See, e.g.*, *Press-Enter. Co. v. Superior Court of California, Riverside Cnty.*, 464 U.S. 501, 509–11, 104 S. Ct. 819, 78 L. Ed. 2d 629 (1984). The proponent of sealing therefore must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Baxter*, 297 F.3d at 548.

*Shane Grp.*, 825 F.3d at 305–06.

A movant's obligation to provide <u>compelling</u> reasons justifying the seal exists even if the parties themselves <u>agree</u> the filings should be sealed. *See Rudd Equip.*, 834 F.3d at 595 (noting that the parties "could not have waived the *public*'s First Amendment and common law right of access to court filings") (citation omitted); *see also In re Knoxville*, 723 F.2d at 475 (noting that, in reviewing a motion to seal, the district court has "an obligation to consider the rights of the public"). Simply put, this Court has an

obligation to keep its records open for public inspection, and that obligation is not conditioned upon the desires of the parties to the case. *See Shane Grp.*, 825 F.3d at 306.

A district court that chooses to seal court records must set forth specific findings and conclusions "which justify nondisclosure to the public." *Id.* (quoting *Brown & Williamson*, 710 F.2d at 1176). A court's failure to set forth reasons explaining why the interests in support of nondisclosure are compelling, why the interests in support of access are less so, and why the seal itself is no broader than necessary is grounds to vacate an order to seal. *Id.*

### III. ANALYSIS

**A. Plaintiff's Motion for Leave to File Under Seal (Doc. 44)**

Axcess requests several redactions to the deposition transcript of Chris Sibila (Doc. 18) because the passages would otherwise reveal business or marketing strategy. In particular, these passages are:

- Sibila Tr., 31:13-19
- Sibila Tr., at 74:16-75:9;
- Sibila Tr., at 76:4-9, 25
- Sibila Tr., at 77:4-11
- Sibila Tr., 99:13-18
- Sibila Tr., 113:15

These portions of Sibila's deposition transcript describe prospective acquisition targets, product development and other business processes that Plaintiff regards as non-

public. The Court indeed finds the redacted materials concern potentially confidential business information. As suggested by the pin-point redactions, the requests are narrowly tailored. The Court agrees such portions warrant a seal based on the reasoning contained in *London Computer Sys., Inc. v. Zillow, Inc.*, No. 1:18-CV-696, 2019 WL 4110516, at *4 (S.D. Ohio Aug. 29, 2019). An additional requested redaction from the same deposition (Sibila Tr., at 76:4-9, 25) implicates third-parties' privacy concerns and justify a seal for that reason. *See S&S Holdco, Inc. v. S&S Holdco Holdings*, LLC, No. 1:19-CV-1071, 2020 WL 5760649, at *3 (S.D. Ohio Sept. 28, 20).

Plaintiff also requests a seal, via redaction, over the following portions of the deposition of Robert Brichler (Doc. 32):

- Brichler Tr., at 36:19-23
- Brichler Tr., at 36:19-23; 38:3, 18, 23; 39:13; 63:8-10; 19; 64:1, 7-8
- Brichler Tr., at 43:6, 8-12; 45:3-9
- Brichler Tr., at 50:21, 51:1, 5, 10
- Brichler Tr., at 48:3-9, 11-12, 14-18, 20, 22-23, 25; 49:1-2, 15-16
- Brichler Tr., at 55:18-56:6; 70:21-25; 71:5-8

Upon review, all the above portions indeed describe financial products that Plaintiffs were/are planning to launch and thus warrant protection. As with the redactions to Sibila's deposition, Plaintiff here seeks precise redactions rather than blunt shielding. The Court finds such redactions are no broader than necessary to protect plausibly confidential information and third-party privacy concerns.

Plaintiff asks this Court to approve of redactions to Exhibits C and D to Plaintiff's

Reply Brief (Doc. 24); Exhibits 7, 8, 9, 11 and 13 to Brichler's Deposition (Doc. 32); Exhibit A to Davis' Declaration (Doc. 23-8); Exhibits 6, 7, 8, 9, 13 and 14 to Sibila's Deposition (Doc. 18); and Exhibit A to Sibila's Declaration. (Doc. 24-4). Plaintiff asserts these redactions would otherwise reveal business plans and strategies, financial information, or proprietary technology.

The Court finds a seal is justified in each instance. Each of these redactions protect information that would likely protect its competitive advantage. *Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*, No. 1:11-CV-871, 2017 WL 4168290, at *2 (S.D. Ohio Sept. 20, 2017). Each redaction is narrowly tailored. In most cases, Plaintiff proposes redacting only a few lines from multi-page documents. Broader redactions, such as those to an email in Exhibit 14 to Sibila's deposition, shield in-depth descriptions of the technical programming rules at the center of this case. The Court will thus allow Plaintiff to refile versions of the above-referenced documents with the proposed redactions.

Accordingly, the Court grants Plaintiff's motion for leave to file under seal in its entirety. (Doc. 44).

### B. Defendant Brichler's Motion for Leave to File under Seal (Doc. 46)

Brichler seeks to seal Exhibits 16 and 17 to Plaintiff's Reply (Doc. 23-16 and Doc. 23-17). These documents emerged from an offsite conference held by Lendly. If disclosed, they would present a real possibility a competitor could use them to Lendly's disadvantage. This request is narrow. It seeks to seal only limited exhibits from a reply that included 23 exhibits. Accordingly, these documents may be filed under seal.

A seal is also justified for Exhibit 18 to Plaintiff's Reply. (Doc. 23-18). This

exhibit contains correspondence between third-party vendors and Lendly. Defendant only seeks to redact the identity of the third-party vendor, not Lendly. The requested redaction is narrow. The Court is particularly sensitive to the fact that this correspondence involves third parties. *See Shane Grp.*, 825 F.3d at 308 (6th Cir. 2016) Accordingly, Exhibit 18 to Plaintiff's reply warrants a seal.

Finally, Brichler requests a seal for confidential financial information contained in Exhibits 21 and 23 to Brichler's deposition. (Doc. 32). Both contain information related to Lendly's balance sheet and monthly financials. The proposed seals are narrow, as they are proposed only for two exhibits. Accoringly, the Court will allow Brichler to file those documents under seal. For the above reasons, the Court will grant Brichler's motion for leave to file under seal in its entirety. (Doc. 46).

The Court makes the following observations with regards to all the requested seals. First, with respect to the litigants, the subject matter of this case and the documents for which seals are requested are not a matter of tremendous public interest. This is a business-to-business dispute. It involves a technology professional who has moved between companies who create consumer loan products. There are no allegations that either of these companies have harmed the public. Second, many of the documents emanate from communications or meetings between executive-level employees. The subject matter of the case is, in part, alleged trade secrets, confidential information, and whether competition is unfair or not. Given the subject matter and the personnel involved, it makes intuitive sense that some of the relevant documents would warrant a seal. Third, thanks in part to the narrow tailoring undertaken by the parties, the Court has

no doubt that the public record reveals the relevant facts and arguments involved in the case. These factors have guided the Court in determining that both motions ought to be granted.

## IV. CONCLUSION

For the foregoing reasons:

1. Plaintiff Axcess's motion for leave to file under seal (Doc. 44) is **GRANTED**. Axcess may refile the relevant documents with proposed redactions.

2. Defendant Robert Brichler's motion for leave to file under seal (Doc. 46) is **GRANTED**. Brichler may refile the relevant documents with the proposed redactions.

**IT IS SO ORDERED.**

Date: 3/8/2022

Timothy S. Black
United States District Judge