UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **CNG Financial Corporation,** *et. al.,* | ) | Case No: 1:21-cv-00460 |
| | ) | |
| Plaintiffs, | ) | JUDGE TIMOTHY S. BLACK |
| | ) | |
| v. | ) | Magistrate Judge Stephanie . Bowman |
| | ) | |
| **Robert Brichler, et al.** | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANT LENDLY, LLC's ANSWER AND DEFENSES TO PLAINTIFFS' VERIFIED FIRST AMENDED COMPLAINT**

Defendant Lendly, LLC ("Lendly" or "Defendant"), for its Answer to the Verified First Amended Complaint ("Verified Amended Complaint"), states as follows:

1. Plaintiffs' Complaint speaks for itself. Defendant denies all allegations in paragraph 1 of Plaintiffs' Verified Amended Complaint that are directed at it.

2. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 and on that basis denies the allegations in paragraph 2 of Plaintiffs' Verified Amended Complaint.

3. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 and on that basis denies the allegations in paragraph 3 of Plaintiffs' Verified Amended Complaint.

4. Defendant admits the allegations in paragraph 4 of Plaintiffs' Verified Amended Complaint.

5. Defendant admits the allegations in paragraph 5 of Plaintiffs' Verified Amended Complaint.

1

6. Defendant admits this Court has jurisdiction over this matter. Defendant denies any remaining allegations in paragraph 6 of Plaintiffs' Verified Amended Complaint.

7. Defendant admits venue is proper. Defendant denies any remaining allegations in paragraph 7 of Plaintiffs' Verified Amended Complaint.

8. Defendant admits this Court has personal jurisdiction over Defendant Brichler. Defendant denies any remaining allegations in paragraph 8 of Plaintiffs' Verified Amended Complaint.

9. Defendant admits this Court has personal jurisdiction over it. Defendant denies any remaining allegations in paragraph 9 of Plaintiffs' Verified Amended Complaint.

10. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 and on that basis denies the allegations in paragraph 10 of Plaintiffs' Verified Amended Complaint.

11. Defendant admits that it provides short-term loan servicing products funded by a third-party bank and that it utilizes an internet-based platform on which prospective borrowers fill out an on-line loan application. Defendant denies the remaining allegations in paragraph 11 of Plaintiffs' Verified Amended Complaint.

12. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 and on that basis denies the allegations in paragraph 12 of Plaintiffs' Verified Amended Complaint.

13. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 and on that basis denies the allegations in paragraph 13 of Plaintiffs' Verified Amended Complaint.

14. Exhibit A attached to Plaintiffs' Verified Amended Complaint speaks for itself. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 and on that basis denies the allegations in paragraph 14 of Plaintiffs' Verified Amended Complaint.

15. Exhibit A attached to Plaintiffs' Verified Amended Complaint speaks for itself. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 and on that basis denies the allegations in paragraph 15 of Plaintiffs' Verified Amended Complaint.

16. Exhibit A attached to Plaintiffs' Verified Amended Complaint speaks for itself. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 and on that basis denies the allegations in paragraph 16 of Plaintiffs' Verified Amended Complaint.

17. Exhibit A attached to Plaintiffs' Verified Amended Complaint speaks for itself. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 and on that basis denies the allegations in paragraph 17 of Plaintiffs' Verified Amended Complaint.

18. Exhibit A attached to Plaintiffs' Verified Amended Complaint speaks for itself. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 and on that basis denies the allegations in paragraph 18 of Plaintiffs' Verified Amended Complaint.

19. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 and on that basis denies the allegations in paragraph 19 of Plaintiffs' Verified Amended Complaint.

20. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 and on that basis denies the allegations in paragraph 20 of Plaintiffs' Verified Amended Complaint.

21. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 and on that basis denies the allegations in paragraph 21 of Plaintiffs' Verified Amended Complaint.

22. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 and on that basis denies the allegations in paragraph 22 of Plaintiffs' Verified Amended Complaint.

23. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 and on that basis denies the allegations in paragraph 23 of Plaintiffs' Verified Amended Complaint.

24. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 and on that basis denies the allegations in paragraph 24 of Plaintiffs' Verified Amended Complaint.

25. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 and on that basis denies the allegations in paragraph 25 of Plaintiffs' Verified Amended Complaint.

26. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 and on that basis denies the allegations in paragraph 26 of Plaintiffs' Verified Amended Complaint.

27. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 and on that basis denies the allegations in paragraph 27 of Plaintiffs' Verified Amended Complaint.

28. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 and on that basis denies the allegations in paragraph 28 of Plaintiffs' Verified Amended Complaint.

29. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 and on that basis denies the allegations in paragraph 29 of Plaintiffs' Verified Amended Complaint.

30. Defendant admits that it works with LoanPro and that it has done so since before Defendant Brichler became employed by Defendant. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 30 and on that basis denies such allegations in paragraph 30 of Plaintiffs' Verified Amended Complaint.

31. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 and on that basis denies the allegations in paragraph 31 of Plaintiffs' Verified Amended Complaint.

32. Defendant admits that it works with GDS Link and that it has done so since before Defendant Brichler became employed by Defendant. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 and on that basis denies such allegations in paragraph 32 of Plaintiffs' Verified Amended Complaint.

33. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 and on that basis denies the allegations in paragraph 33 of Plaintiffs' Verified Amended Complaint.

34. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 and on that basis denies the allegations in paragraph 34 of Plaintiffs' Verified Amended Complaint.

35. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 and on that basis denies the allegations in paragraph 35 of Plaintiffs' Verified Amended Complaint.

36. Defendant admits that it competes generally with Plaintiffs. Answering further, Defendant states that its website speaks for itself, and denies any remaining allegations in paragraph 36 of Plaintiffs' Verified Amended Complaint that are inconsistent with the statements on its website.

37. Defendant admits that it services subprime short term or unsecured personal loans through third-party banks using an internet-based platform. Defendant denies the remaining allegations in paragraph 37 of Plaintiffs' Verified Amended Complaint.

38. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38 and on that basis denies the allegations in paragraph 38 of Plaintiffs' Verified Amended Complaint.

39. Defendant denies the allegations in paragraph 39 of Plaintiffs' Verified Amended Complaint.

40. Defendant admits that it met with Brichler during the specified time to discuss Brichler joining it as its Chief Technology Officer. Defendant is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in paragraph 40 and on that basis denies such allegations in paragraph 40 of Plaintiffs' Verified Amended Complaint.

41. Defendant admits that it discussed the Non-Compete Agreement internally and with Defendant Brichler prior to extending Defendant Brichler an offer of employment.

42. Defendant denies the allegations in paragraph 42 of Plaintiffs' Verified Amended Complaint.

43. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43 and on that basis denies the allegations in paragraph 43 of Plaintiffs' Verified Amended Complaint.

44. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44 and on that basis denies the allegations in paragraph 44 of Plaintiffs' Verified Amended Complaint.

45. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45 and on that basis denies the allegations in paragraph 45 of Plaintiffs' Verified Amended Complaint.

46. Exhibit B attached to Plaintiffs' Verified Amended Complaint speaks for itself. Defendant denies all allegations in paragraph 46 of Plaintiffs' Verified Amended Complaint that are inconsistent with the contents of Exhibit B.

47. Exhibit C attached to Plaintiffs' Verified Amended Complaint speaks for itself. Defendant denies all allegations in paragraph 47 of Plaintiffs' Verified Amended Complaint that are inconsistent with the contents of Exhibit C.

48. Defendant denies the allegations in paragraph 48 of Plaintiffs' Verified Amended Complaint.

49. Defendant admits that Brichler began working for Lendly as its Chief Technology Officer in June 2021. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 49 and on that basis denies such allegations in paragraph 49 of Plaintiffs' Verified Amended Complaint.

50. Defendant denies the allegations in paragraph 50 of Plaintiffs' Verified Amended Complaint.

51. Defendant denies the allegations in paragraph 51 of Plaintiffs' Verified Amended Complaint.

52. Defendant admits that Brichler is responsible for overseeing Defendant's technology related functions and managing its technology team. Defendant denies that the job responsibilities Brichler performs for Lendly will result in the inevitable use or disclosure of Axcess' trade secrets, denies that Plaintiffs have any legitimate business interest in preventing Brichler from performing such job responsibilities for Lendly, and further denies the remaining allegations in paragraph 52 of Plaintiffs' Verified Amended Complaint.

53. Defendant admits that, as Chief Technology Officer, Defendant Brichler has been involved with and included in Defendant's data use and analysis and vendor selection and partnerships. Defendant denies the remaining allegations in paragraph 53 of Plaintiffs' Verified Complaint.

54. Defendant denies the allegations in paragraph 54 of Plaintiffs' Verified Amended Complaint.

55. Defendant denies the allegations in paragraph 55 of Plaintiffs' Verified Amended Complaint.

56. Defendant denies the allegations in paragraph 56 of Plaintiffs' Verified Amended Complaint.

57. Defendant denies the allegations in paragraph 57 of Plaintiffs' Verified Amended Complaint.

58. Defendant incorporates by reference its responses to paragraphs 1 through 57 above as if fully set forth herein.

59. Defendant denies the allegations in paragraph 59 of Plaintiffs' Verified Amended Complaint.

60. Defendant denies the allegations in paragraph 60 of Plaintiffs' Verified Amended Complaint.

61. Defendant denies the allegations in paragraph 61 of Plaintiffs' Verified Amended Complaint.

62. Exhibit A attached to Plaintiffs' Verified Amended Complaint speaks for itself. Defendant denies the allegations in paragraph 62 of Plaintiffs' Verified Amended Complaint that are inconsistent with the express terms of Exhibit A and further denies all remaining allegations in paragraph 62. Further, Defendant denies that Paragraphs 3.1 and 3.1.1 of Exhibit A are enforceable to the extent that the literal terms of those provisions would prohibit Brichler's current employment.

63. Exhibit A attached to Plaintiffs' Verified Amended Complaint speaks for itself. Defendant denies the allegations in paragraph 63 of Plaintiffs' Verified Amended Complaint that are inconsistent with the express terms of Exhibit A and further denies all remaining allegations in paragraph 63. Further, Defendant denies that Paragraphs 3.1 and 3.1.1 of Exhibit A are enforceable

to the extent that the literal terms of those provisions would prohibit Brichler's current employment.

64. Defendant denies the allegations in paragraph 64 of Plaintiffs' Verified Amended Complaint.

65. Defendant denies the allegations in paragraph 65 of Plaintiffs' Verified Amended Complaint.

66. Defendant denies the allegations in paragraph 66 of Plaintiffs' Verified Amended Complaint.

67. Defendant denies the allegations in paragraph 67 of Plaintiffs' Verified Amended Complaint.

68. Exhibit A attached to Plaintiffs' Verified Amended Complaint speaks for itself. Defendant denies the allegations in paragraph 68 of Plaintiffs' Verified Amended Complaint that are inconsistent with the express terms of Exhibit A and further denies all remaining allegations in paragraph 68.

69. Defendant denies the allegations in paragraph 69 of Plaintiffs' Verified Amended Complaint.

70. Defendant denies the allegations in paragraph 70 of Plaintiffs' Verified Amended Complaint.

71. Defendant incorporates by reference its responses to paragraphs 1 through 70 above as if fully set forth herein.

72. Defendant denies the allegations in paragraph 72 of Plaintiffs' Verified Amended Complaint.

73. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 73 and on that basis denies the allegations in paragraph 73 of Plaintiffs' Verified Amended Complaint.

74. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 74 and on that basis denies the allegations in paragraph 74 of Plaintiffs' Verified Amended Complaint.

75. Defendant denies the allegations in paragraph 75 of Plaintiffs' Verified Amended Complaint.

76. Defendant denies the allegations in paragraph 76 of Plaintiffs' Verified Amended Complaint.

77. Defendant denies the allegations in paragraph 77 of Plaintiffs' Verified Amended Complaint.

78. Defendant denies the allegations in paragraph 78 of Plaintiffs' Verified Amended Complaint.

79. Defendant denies the allegations in paragraph 79 of Plaintiffs' Verified Amended Complaint.

80. Defendant incorporates by reference its responses to paragraphs 1 through 79 above as if fully set forth herein.

81. Defendant denies the allegations in paragraph 81 of Plaintiffs' Verified Amended Complaint.

82. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 82 and on that basis denies the allegations in paragraph 82 of Plaintiffs' Verified Amended Complaint.

83. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 83 and on that basis denies the allegations in paragraph 83 of Plaintiffs' Verified Amended Complaint.

84. Defendant denies the allegations in paragraph 84 of Plaintiffs' Verified Amended Complaint.

85. Defendant denies the allegations in paragraph 85 of Plaintiffs' Verified Amended Complaint.

86. Defendant denies the allegations in paragraph 86 of Plaintiffs' Verified Amended Complaint.

87. Defendant incorporates by reference its responses to paragraphs 1 through 86 above as if fully set forth herein.

88. Paragraph 88 of Plaintiff's Verified Amended Complaint contains legal allegations and conclusions to which no admission or denial is necessary. To the extent that Paragraph 88 of Plaintiff's Verified Amended Complaint contains any factual allegations, Defendant denies the same.

89. Defendant denies the allegations in paragraph 89 of Plaintiffs' Verified Amended Complaint.

90. Defendant denies the allegations in paragraph 90 of Plaintiffs' Verified Amended Complaint.

91. Defendant denies the allegations in paragraph 91 of Plaintiffs' Verified Amended Complaint.

92. Defendant denies the allegations in paragraph 92 of Plaintiffs' Verified Amended Complaint.

93. Defendant denies the allegations in paragraph 93 of Plaintiffs' Verified Amended Complaint.

94. Defendant denies the allegations in paragraph 94 of Plaintiffs' Verified Amended Complaint.

95. Defendant denies the allegations in paragraph 95 of Plaintiffs' Verified Amended Complaint.

96. Defendant denies the allegations in paragraph 96 of Plaintiffs' Verified Amended Complaint.

97. Defendant denies that Plaintiffs are entitled to any type of remedy, relief, or damages of any kind, including those requested in Plaintiffs' prayer for relief.

98. Defendant denies all allegations not expressly admitted herein, including any allegations made in section headings.

## FIRST DEFENSE

Plaintiffs' Verified Amended Complaint fails to state a claim upon which relief may be granted, in whole or in part.

## SECOND DEFENSE

The purported restrictions on Brichler's post-termination employment with Plaintiffs contained in the noncompete agreements are unreasonably vague, overbroad and otherwise unenforceable.

## THIRD DEFENSE

Some or all of Plaintiffs' claims are barred by failure or lack of consideration.

## FOURTH DEFENSE

Defendant did not use or disclose, and will not inevitably use or disclose, any confidential, proprietary or trade secret information belonging to Plaintiffs, if any such information exists.

## FIFTH DEFENSE

Plaintiffs' claims are barred by waiver, estoppel, laches and/or unclean hands.

## SIXTH DEFENSE

Plaintiffs failed to take efforts that were reasonable under the circumstances to maintain the secrecy and/or confidentiality of their information.

## SEVENTH DEFENSE

To the extent that the noncompete agreements interfere with Brichler's right to use his general knowledge, experience and skill to earn a living, the noncompete agreements are overbroad and unreasonable, and therefore to that extent unenforceable.

## EIGHTH DEFENSE

Plaintiffs' claims against Defendant Brichler are subject to arbitration as the exclusive forum for resolution of these claims under an Arbitration Agreement between Plaintiffs and Defendant Brichler. Plaintiffs' claims against Defendant should be held in abeyance pending arbitration of their claims against Defendant Brichler, as these claims against Defendant are dependent on their claims against Defendant Brichler.

## NINTH DEFENSE

Defendant reserves the right to supplement or assert additional defenses as discovery proceeds.

Having fully answered the Verified Amended Complaint, Defendant Lendly, LLC requests that judgment be entered in its favor, and that it be awarded its costs, attorneys' fees, and all other relief to which it may be entitled.

Respectfully submitted,

/s/ Robert D. Shank
Gary Greenberg (00023180)
Robert D. Shank (#0069229)
Jackson Lewis P.C.
201 E. Fifth Street, PNC Center
26th Floor
Cincinnati, Ohio 45202
Telephone: (513) 898-0050
Facsimile: (513) 898-0051
Email: gary.greenberg@jacksonlewis.com
Email: robert.shank@jacksonlewis.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on April 6, 2022, a true and accurate copy of the foregoing was electronically filed with the Court's CM/ECF system, and such system will send electronic notice to all counsel of record.

*/s/ Robert D. Shank*
Robert D. Shank

4889-0227-3302, v. 2